# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Richard Walker, Jr., | ) |
| | ) Civil Action No.: 8:16-cv-00814-JMC |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Dr. Marilee Griswold, *M.D. Senior Psychiatrist*, | ) |
| Defendant. | ) |

This matter is before the court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 85) and Defendant's Objection to the Report (ECF No. 88).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2016, Plaintiff David Richard Walker Jr. ("Plaintiff"), proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights and a supplemental claim for medical malpractice. (ECF No. 1.) On June 27, 2016, Plaintiff moved to amend the relief sought in his complaint (ECF No. 23), which was granted by the court on July 15, 2016. (ECF No. 31.) Later, on November 10, 2016, Plaintiff filed a motion to proceed without affidavit of an expert witness. (ECF No. 53.) Defendant filed a motion for an extension of time on December 7, 2016 (ECF No. 55), which the court granted on December 8, 2016 (ECF No. 57). Significantly, the court extended the deadline for dipositive motions to April 7, 2017 and noted that "[b]arring extraordinary circumstances, no additional extension of time to file dipositive motions will be granted." (*Id*.) On December 16, 2016, Defendant filed a motion to dismiss and a response in opposition to Plaintiff's motion to proceed without affidavit of an

1

expert witness. (ECF Nos. 62, 63.) On December 28, 2016, the court issued a *Roseboro*[1] order, advising Plaintiff of the summary judgment/dismissal procedure and of the possible consequences of failing to adequately respond to a motion for dismissal or summary judgment. (ECF No. 64). On June 16, 2017, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (ECF No. 83.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On July 27, 2017, the Magistrate Judge issued her Report recommending the court deny Plaintiff's motion to proceed without an expert witness (ECF No. 53), dismiss Plaintiff's state law medical malpractice claim, and allow Plaintiff's § 1983 claims to proceed. (ECF No. 85). Thereafter, on July 27, 2017, Defendant filed a motion for leave to file a dispositive motion on Plaintiff's section 1983 claims. (ECF No. 87.) Additionally, on August 10, 2017, Defendant filed an objection to the report (ECF No. 88) and a motion for summary judgment (ECF No. 89). On August 10, 2017, the court denied Defendant's motion for leave to file a dispositive motion (ECF No. 87). (ECF No. 92.) Then, on August 14, 2017, the court denied Defendant's motion for summary judgment (ECF No. 89) as moot.[2] (ECF No. 95.) Lastly, on August 14, 2017, Defendant filed an amended objection. (ECF No. 98.) Accordingly, this matter is now ripe for consideration.

## II. LEGAL STANDARD

The Magistrate Judge's report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).
[2] However, the court noted that it will consider Defendant's motion for summary judgment (ECF No. 89) while reviewing the Magistrate Judge's report. (*See* ECF No. 95.)

responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

### III. DISCUSSION AND ANALYSIS

A.  <u>Plaintiff's State Malpractice Claim and Motion to Proceed Without an Expert Witness</u>

In her report, the Magistrate Judge recommended the court deny Plaintiff's motion to proceed without an expert witness (ECF No. 53), dismiss Plaintiff's state law medical malpractice claim, and allow Plaintiff's section 1983 claim to proceed. (ECF No. 85 at 11.) Neither party objected to the Magistrate Judge's recommendation to deny the Plaintiff's motion to proceed without an expert witness (ECF No. 53) or her recommendation to dismiss Plaintiff's state medical malpractice claim. (*See* ECF Nos. 85 at 11, 89 at 13.) Finding no clear error, the

court accepts the Magistrate Judge's recommendations to deny Plaintiff's motion to proceed without an expert witness (ECF No. 53) and to dismiss Plaintiff's state medical malpractice claims.

B.     Plaintiff's Section 1983 Claim

In her objection to the report, Defendant argues that the Magistrate Judge erred in allowing the Plaintiff's section 1983 claims to proceed. (*See* ECF Nos. 89, 90, 98.) Specifically, Defendant argues that she did not violate Plaintiff's rights secured by the Constitution or federal law, that she was not acting under the color of law, that she is entitled to qualified immunity, and that the Eleventh Amendment bars Plaintiff's suit. (*See* ECF No. 90.) Plaintiff has not responded to Defendant's objection.

Further discussion is warranted in regard to the Magistrate Judge's finding that Plaintiff's section 1983 claim should proceed. (*See* ECF No. 85 at 11.) Specifically, the Magistrate Judge noted that she was allowing Plaintiff's section 1983 claims to proceed because Defendant only moved to dismiss his state medical malpractice claims, not his civil rights claims.[3] (ECF No. 85 at 10 n.5.) After the Magistrate Judge issued her report, Defendant filed a motion for leave to file a dispositive motion regarding Plaintiff's section 1983 claims (ECF No. 87) and later filed a motion for summary judgment (ECF No. 89), which addressed these claims.[4] The court denied Defendant's motion for leave to file a dispositive motion because the Magistrate Judge had set an April 7, 2017 deadline for dipositive motions and because the court did not find there to be excusable neglect. (*See* ECF No. 92.) Accordingly, the court denied Defendant's motion for

---

[3] Defendant did not present any arguments regarding the dismissal of Plaintiff's section 1983 claims in her motion to dismiss. (*See* ECF No. 63.)  Instead, she presented arguments regarding the dismissal of Plaintiff's state medical malpractice claims. (*See id.*)

[4] Defendant noted that she misinterpreted Plaintiff's complaint and only found out about the section 1983 claims after the Magistrate Judge recognized the claims in her report. (*See* ECF No. 87.)

summary judgment (ECF No. 89) as moot, but noted that it would be considered with Defendant's objection in the court's review of the Magistrate Judge's report. (*See* ECF No. 95.) Now the court must decide whether it will consider Defendant's new arguments regarding Plaintiff's section 1983 claims, contained in her motion for summary judgment (ECF No. 89), in its review of the Magistrate Judge's report.

In *United States v. George*, 971 F.2d 1113 (4th Cir. 1992), the Fourth Circuit held "that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *Id.* at 1118. In *George*, a criminal defendant filed two motions to suppress evidence seized pursuant to search warrants. *Id.* at 1116. The Magistrate Judge made proposed findings of fact and recommended the court grant the defendant's suppression motions. *Id.* In response to the Magistrate Judge's recommendation, the government filed objections, raising two new arguments in opposition to the suppression motions that were not presented to the Magistrate Judge. *Id.* The district court adopted the Magistrate Judge's proposed findings and recommendations and refused to consider the government's new arguments because it had not raised these arguments before the Magistrate Judge. *Id.* at 1117. The Fourth Circuit held that the district court erred by refusing to entertain the government's new arguments. *See id.* at 1118. The Fourth Circuit reasoned that because "*de novo* review entails consideration of an issue as if it had not been decided previously. . . the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate." *Id.*

In *Samples v. Ballard*, 860 F.3d 266 (4th Cir. 2017), the Fourth Circuit clarified its holding from *George*. In *Samples*, a federal habeas petitioner presented new ineffective

5

assistance of counsel claims, not raised in his second habeas petition, in his objections to the Magistrate Judge's report. *Id.* at 269. The district court concluded that Petitioner waived these claims by failing to raise them in front of the Magistrate Judge. *Id*. at 270. However, the district court acknowledged that *George* may apply to this case, and accordingly, granted a certificate of appealablility "limited to the procedural issue of whether [the petitioner]'s claims should be heard where they were raised for the first time in objections to the Magistrate judge's PF&R." *Id*.

On appeal, the Fourth Circuit first determined that *George* applied to federal habeas petitions. *Id*. at 272. Additionally, the Court clarified its holding in *George* and explained that "*George* envisions a hierarchical scheme, wherein a *legal case* is divided into *issues*, and *issues* are further subdivided into *arguments*." *Id.* (emphasis in original). Furthermore, the Court noted that *George* did not require the court to consider wholly new *issues*, which were not before the Magistrate Judge, presented by the party in his or her objections. *See id*. (quoting *George*, 971 F.2d at 1118) (emphasis added). Instead, *George* required the court to consider new *arguments* related to an *issue* that was before the Magistrate Judge and to which a proper objection was made. *See id*. (emphasis added) (quoting *George*, 971 F.2d at 1118). Illustrating the application of this framework, the court clarified that in *George* "the *legal case* was the entire criminal case, the *issue* was suppression of evidence from the truck, and the *arguments* made against suppression by the government were (1) existence of a valid warrant; (2) good faith reliance on a valid warrant; (3) no reasonable expectation of privacy; and (4) inevitable discovery." *Id*. (emphasis added). Moreover, the Court noted that in the habeas context the *George* framework applied as follows: "(1) the *legal case* is the habeas petition; (2) the *issues or claims* are the asserted grounds for relief; and (3) the *arguments* are whatever position is taken in support of or against each asserted ground for relief." *Id*. at 273 (emphasis in original). Applying

this framework, the Court concluded that the district court was not obligated to entertain the petitioner's new claims of ineffective assistance of counsel. *Id.* at 275. Specifically, the Court reasoned that petitioner's new ineffective assistance claims constituted new *issues* not *arguments* because they were separate grounds for relief. *See id.* (emphasis added). Accordingly, the district court was not required to entertain petitioner's new claims. *Id.*

Applying the framework from *George* and *Samples*, the court finds that the legal case is Plaintiff's overall civil case, that Plaintiff's section 1983 claim and his medical malpractice claim are issues, and that Defendant's defenses to Plaintiff's 1983 claims are arguments. First, the court finds that Plaintiff's entire civil case constitutes the legal case. *See Samples*, 860 F.3d at 272 (broadly construing the legal case in *George* as "the entire criminal case".). Next, the court has determined Plaintiff's section 1983 claim and state malpractice claims should constitute issues. Specifically, the court notes that civil claims are much like separate grounds for the relief in the habeas context. *See id.* at 273–74 (noting how statutes and case law "treat different grounds for relief are treated as different claims."). Additionally, the court in *Samples* suggested that "claims" constitute "issues" for purposes of the *George* and *Samples* framework. *See id.* at 273 (indicating that the second level of the framework consists of issues *or* claims.). Lastly, the court finds that Defendant's various defenses, raised in her objections, constitute arguments under this framework and are specific arguments against Plaintiff's section 1983 claim.

Based on the foregoing, the court concludes that it is required to entertain Defendant's new defenses regarding Plaintiff's section 1983 claim. To reiterate, *George* requires district courts to consider all arguments directed toward an issue, to which a proper objection is made, regardless of whether these arguments were made before the Magistrate Judge. *George*, 971 F.2d at 1118. Defendant has properly objected to the Magistrate Judge's recommendation for

Plaintiff's section 1983 claims to proceed.[5] Additionally, Defendant, in her objections, has offered new arguments directed toward Plaintiff's section 1983 claims. Accordingly, the court finds that, pursuant to *George* and *Samples*, it must entertain Defendant's new arguments, even though they were never presented to the Magistrate Judge.

Here, the Plaintiff's section 1983 claim should be dismissed because he has failed to present a colorable claim. In his complaint, Plaintiff essentially brings a deliberate indifference claim under the Eighth Amendment. (*See* ECF No. 1 at 4–5.) Specifically, Plaintiff alleges that Defendant forcibly injected him with his schizophrenia medication, Haldol, causing him to suffer extreme effects. (*See id.*) Additionally, Plaintiff alleges that he was allergic to this medication, that his medical records mentioned his allergy, and that Defendant and staff forcibly administered the medicine regardless. (*See id.*) In her affidavit, Defendant claims that "Plaintiff has schizophrenia and must be treated appropriately with monthly Haldol injections." (ECF No. 90-1 at 1.) Defendant alleges that Plaintiff does not have an allergy to Haldol or an atypical reaction to the medication and that all of Plaintiff's complaints are a result of somatic delusions, or "false beliefs that one's bodily functioning, sensation, or appearance are abnormal." (*Id*. 1–2.) Further, Defendant alleges that Plaintiff's mother told her that she was worried that Plaintiff was not orally taking his medications and she accordingly gave Defendant permission to administer the injections. (ECF Nos. 90-1 at 1, 90-2 at 4.) Defendant asserts that she "used [her] independent medical judgment in combination with the information received from Plaintiff's mother to determine that the best course of action was to order these medications." (*Id.*)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[5] The court notes that Defendant incorporated her motion for summary judgment (ECF No. 89–90) in her amended objection (ECF No. 98).

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) ("A federal civil rights claim based upon § 1983 has [these] two essential elements...."). If a complaint asserts a § 1983 claim that fails to allege a violation of a cognizable federal right, it is subject to dismissal under Rule 12(b)(6). *See Stack v. Greenville Cnty. Detention Ctr.*, No. 4:08-1756-HFF-TER, 2008 WL 2368086, at *4 (D.S.C. June 10, 2008).

In *Estelle v. Gamble*, the Supreme Court recognized that deliberate indifference to serious medical needs of a prisoner constitutes a violation of that prisoner's Eighth Amendment rights. 429 U.S. 97, 104. Furthermore, the court held that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id*. at 105. A doctor can be deliberately indifferent in response to a prisoner's medical needs, but not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id*. Particularly, "[i]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id*. at 105–06.

Here, Plaintiff has not adequately asserted a deliberate indifference claim. In general, Plaintiff's allegations show a disagreement with the medical treatment, not that he was denied proper medical treatment. *Gregory v. Prison Health Servs., Inc.*, 247 F. App'x 433, 435 (4th Cir. 2007) (unpublished) (citing *Estelle*, 429 U.S. at 106; *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)) (noting that disagreement with medical treatment does not constitute deliberate indifference); *Michtavi v. Scism*, No. 1:10-cv-1399, 2014 WL 4659654 (M.D. Pa. Sept. 17, 2014)

("[I]t is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim."). The record shows that Defendant concluded, in her independent medical judgment, that Plaintiff needed his medications to be administered through injections, based in part on Plaintiff's mother's claims that he was not taking his oral medications. (*See* ECF No. 90-1 at 2.) Plaintiff does not allege that Defendant or her staff disregarded or neglected his medical needs. Instead he claims that he was allergic to the medication, that the allergy was in his medical records, and that Defendant gave him the medication regardless. (*See* ECF No. 1 at 4–5.) However, Plaintiff cites to no record that indicates that he has an allergy to this medication. Conversely, Plaintiff's medical records indicate that Hadrol was one of Plaintiff's regular prescriptions. (*See* ECF No. 90-2 at 2.) Accordingly, the evidence does not show that Defendant intentionally administered a medication to which Plaintiff was allergic or that she otherwise acted with deliberate indifference to his medical needs. *See Gregory*, 247 Fed. Appx. at 435; *James v. Pennsylvania Dept. of Corrections*, 230 Fed. Appx. 195, 197 (2007) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999)) ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'"). Therefore, the court finds that Plaintiff's deliberate indifference claim must fail.

## IV. CONCLUSION

After a thorough review of the report, the court **ACCEPTS IN PART** the Magistrate Judge's report and recommendation (ECF No. 85) to the extent that it recommends denying Plaintiff's motion to proceed without affidavit of an expert witness (ECF No. 53) and granting Defendant's motion to dismiss Plaintiff's state law medical malpractice claim (ECF No. 63). The court **REJECTS IN PART** the report to the extent that it recommends allowing Plaintiff's

section 1983 claims to proceed to trial. In this regard, the court sustains Defendant's objection and **DISMISSES** Plaintiffs claim alleging a violation of 42 U.S.C. § 1983.[6]

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 29, 2017
Columbia, South Carolina

---

[6] The court observes that also pending is Plaintiff's motion for an abeyance of the litigation that was filed on August 23, 2017, well after the report and Defendant's objections. (ECF No. 101.) In its motion for abeyance, Plaintiff did not argue that the court was precluded from considering the merits of the pending report and objections. As a result of the court's decision regarding the report and objections, the motion for an abeyance is **DENIED AS MOOT**.